UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** ) | Chapter 7 |
| Moo & Oink, Inc., ) | |
| Debtor. ) | No. 11 B 34616 |
| ) | |
| Shuntay Antonio Brown, ) | |
| ) | |
| Plaintiff, ) | No. 12 A 00474 |
| v. ) | |
| ) | |
| Adelman Law Office, P.C., Figliulo & ) | |
| Silverman, P.C., Belongia, Shapiro & ) | |
| Franklin, LLP, Locke, Lord, Bissel & ) | |
| Liddell, LLP, Jacobs, Burns, Orlove & ) | |
| Hernandez, LLP, ) | |
| Defendants. ) | |

### MEMORANDUM OPINION DISMISSING COMPLAINT ON COURT'S MOTION *SUA SPONTE* TO CONSIDER SUFFICIENCY OF PLEADING UNDER RULE 7012(b) FED. R. BANKR. P.

This matter relates to a seven-count Adversary Complaint brought by Shuntay Antonio Brown ("Plaintiff" or "Mr. Brown"), as a professed creditor of Moo & Oink, Inc. ("Debtor"), against several defendants. Defendant Adelman Law Office, P.C. filed a Motion to Dismiss pursuant to Fed. R. Bankr. P. 7012(b)(6) for failure to state a claim upon which relief can be granted. The Motion argues that Counts I and II of Plaintiff's Complaint be dismissed on three grounds: (i) that Mr. Brown lacks standing to bring an action under 11 U.S.C. §§ 548 and 550, (ii) that the Complaint fails to allege sufficient facts to outline a cause of action against a defendant, and (iii) that Mr. Brown continued to filed an Appearance as a Child Support Creditor after admonished by this Court in another adversary proceeding. For reasons set forth below, that Motion is granted.

With respect to the other Defendants in this Adversary, the Complaint will be dismissed in its entirety by separate order on the Court's Motion *sua sponte*. *See Rosser v. Chrysler Corp.*, 864, F.2d 1299 (7th Cir. 1988) (stating that courts have the authority to dismiss actions with respect to non-moving plaintiffs on their own motion where the non-moving plaintiffs are in a position similar to the moving party).

1

**Count I**

Count I seeks to recover money paid and transferred from Debtor Moo & Oink, Inc. to Defendant Adelman Law Office, P.C., in excess of $200,000. It alleges those transfers constitute and resulted from actual fraud recoverable under 11 U.S.C. §§ 548(a)(1)(A) and 550. Count I is facially defective as it does not state a cause of action and is dismissed.

Mr. Brown does not have standing to recover the alleged fraudulent transfers. According to *Collier on Bankruptcy*, avoiding powers under 11 U.S.C. § 548 exist for the benefit of a debtor's estate. P. 548.01. It serves to enable increase of creditor dividends by creating or increasing the estate's assets and by avoiding unfairly incurred obligations. *Id*. Given this goal, the Code restricts who can maintain an action under § 548. This is sometimes referred to as a question of whether a plaintiff has standing to prosecute the action. Section 548 vests the power to avoid fraudulent transfers in the bankruptcy trustee; it begins by stating that "[t]he *trustee* may avoid . . . ." In Chapter 7 cases, this is the trustee appointed under § 701 or § 702. This is a Chapter 7 case and the trustee appointed under § 701 is Michael K. Desmond ("Chapter 7 Trustee").

Courts have, in some circumstances, permitted the official creditors' committee or a single creditor acting on behalf of the estate to bring a fraudulent conveyance action. A party other than the trustee must obtain permission from the court before commencing the action. *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). No such permission has been granted.

In *Fogel v. Zell*, an Opinion of the Seventh Circuit a creditor in a Chapter 7 case was permitted to bring a fraudulent conveyance action after that Opinion found the trustee unjustifiably refused to bring the action. 221 F.3d 955, 966 (7th Cir. 2002). In that case, the Panel stated the requirements for so-called "derivative standing" as follows:

> If a trustee unjustifiably refuses a demand to bring an action to enforce a colorable claim of a creditor, the creditor may obtain the permission of the bankruptcy court to bring the action in place of, and in the name of, the trustee . . . . In such a suit, the creditor corresponds to the shareholder, and the trustee to management, in a shareholder derivative action.

*Id*.

As § 548 only effects avoidance of the transaction in question, an estate representative must use § 550(a) to actually obtain a money judgment to recover any money from the

2

transferee. That section's language mirrors that of § 548 in that the "trustee" is empowered to recover on avoided transfers. § 550 (" . . . to the extent that a transfer is avoided under section 544 . . . the *trustee* may recover . . . ."). Whether derivative standing is appropriate under § 550 is determined as in cases involving § 548. In this case, Count I does not ever state a colorable claim.

First, it is questionable whether Mr. Brown is even a creditor of Moo & Oink. In his Amended Complaint he states, "[t]he Plaintiff Shuntay Antonio Brown is an employee of the Debtor. Shuntay has been an employee of Moo & Oink, Inc. from about 2008 in the position of a butcher in the fish department . . . ." (Compl. ¶ 6) In another adversary filed by him, however, Mr. Brown pleaded that he was transferred from Moo & Oink to an affiliate of the Debtor, Your Meat Store and More, LLC. (*Brown v. United & Commercial Worker Union Local 1546, et al*, No. 12 A 00406, Dkt. 1, Compl. ¶ 26) In that Complaint against the Union, Mr. Brown indicates that he ceased to be employed by Moo & Oink in November 2010. (*Id.* at ¶ 30) Mr. Brown evidently sought to return to employment with Moo & Oink but it is not clear that he actually did so. (*See id.* at ¶ 34) In that Complaint, Mr. Brown alleged he was not paid wages for work he performed for Your Meat Store and More, LLC.

In addition, the Complaint does not comply with the rules for pleading under Fed. R. Civ. P. 8, made applicable in bankruptcy by Fed. R. Bankr. P. 7008(a). Under that rule, "A pleading that states a claim for relief must contain (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8. To survive a motion to dismiss made under Rule 12(b)(6) Fed. R. Civ. P. (made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b)), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl.*, 550 U.S. at 556). "Plausibility" in this context does not imply that the . . . court should decide whose version to believe, or which version is more likely than not. ... [T]he plaintiff must give enough details about the subject-matter of the case to present a story that

holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

In his Complaint, Mr. Brown states simply, "[w]ithin two years prior to the Petition Date . . . Moo & Oink, Inc. transferred properties in the amount greater than [$200,000] dollars to Adelman Law Office, P.C. with the intent to hinder, delay or defraud the Debtor's creditors . . . and in furtherance of the fraud being perpetrated by the debtor in connection with this bankruptcy scheme detailed above." (Compl. ¶ 119) It is unclear what scheme Mr. Brown is referring to. He does not describe anywhere in his Complaint any particular alleged transfers to Adelman Law Office, P.C. Payment of a debt is not by itself fraudulent. There are not enough facts alleged to draw any inference as to what occurred that was unlawful. Therefore, Mr. Brown has failed to plead any facts indicating he or the Trustee is entitled to relief under this Count.

For the reasons described above, Count I is dismissed for failing to allege a cause of action.

### Count II

Count II of the Complaint is brought under 11 U.S.C. §§ 544(b)(1), 550(a) and the Illinois Uniform Fraudulent Transfer Act. The standing analysis described above applies to this Count as well. *In re Newcorn Enters.*, 287 B.R. 744, 748–50 (Bankr. E.D. Mo. 2002) (holding standing is available to creditors suing under § 544 when the trustee is unable or unwilling to pursue claims on behalf of the estate). Also, the earlier pleading analysis applies to this Count because Mr. Brown alleges but does not provide factual details regarding alleged nature of fraudulent transfers to Adelman Law Office, P.C. Therefore, Count II is dismissed.

### Counts III through X

Each of these Counts seeks to except from the *Debtor's* discharge debts allegedly owed to Mr. Brown and other creditors of the Debtor under 11 U.S.C. § 523(a)(2)(A). That provision, however, does not apply because the Debtor was a corporation and was not subject to an exception to discharge. Section 523 specifically states that a discharge under 11 U.S.C. § 727 does not discharge an "individual debtor" from certain debts. As noted by an Eighth Circuit Opinion, "Congress did not intend the term 'corporate debtor' to be used interchangeably with the term 'individual debtor,' as such a construction would 'render meaningless employment by Congress of the term 'individual.'" *Yamaha Motor Corp. U.S.A. v. Shadco, Inc.*, 762 F.2d 668,

670 (8th Cir. 1985). These Counts therefore do not state a claim upon which relief could be granted so they are dismissed.

### Count VI

Count VI seeks to bar the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A). Another part of that provision provides, however, that "(a) [t]he court shall grant the debtor a discharge, unless – (1) the debtor is not an individual . . . ." Therefore, Debtors who are not individuals are not covered by § 727. As Debtor is not an individual the Complaint fails to state a cause of action upon which relief could be granted and is dismissed.

### Count VII

Count VII seeks to disallow the bankruptcy claim of Defendant "Ms. Mollye's, Inc." under 11 U.S.C. 502(d). Ms. Mollye's is a Defendant in another adversary proceeding. (12 A 00410) It is not a Defendant in this adversary. The Complaint does not allege wrongful actions by the Defendants named in this Adversary. This Count is dismissed for failure to state a claim upon which relief could be granted. In addition, Mr. Brown does not have standing to seek this relief so this Count is dismissed on this basis as well. *See* discussion on Count I *supra*.

### Mr. Brown's Appearance as a Child Support Creditor

Finally, Mr. Brown completed Bankruptcy Form 281, Appearance of Child Support Creditor or Representative. Instructions to that Form explain,

> Section 304(g) of the Bankruptcy Reform Act of 1994 (Public Law No. 103-394) provides: Child support creditors or their representatives shall be permitted to appear and intervene without charge . . . in any bankruptcy case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.

Mr. Brown does not plead facts showing that he is a child support creditor or representative as defined in 11 U.S.C. § 101(12A) or § 523(a)(5). The form he completed contains "N/A" on each line provided on the form to itemize amounts owed to the preparer. Yet, Mr. Brown signed his name over the following statement: "I certify under penalty of perjury that I am a child support creditor of the above-named debtor . . . ." It can be assumed that Mr. Brown completed Bankruptcy Form 281 to avoid paying fees for filing this and the six other Adversary

proceedings. Mr. Brown was warned in another Adversary case against Debtor that he is not a child support creditor and is not eligible for a fee waiver. He was ordered to pay the required filing fee of $293.00 to the Clerk of Court (12 A 00265, Dkt. No. 8; 12 A 00410, Dkt. No. 8; 12 A 00406, Dkt. No. 7; 12 A 00414, Dkt. No. 6) but has not yet done so. Despite the warning and order, Mr. Brown continued to file documents in the other adversary proceedings brought by him without paying fees due in those cases. For this reason alone, the Complaint would be dismissed even if the other causes detailed for dismissal did not exist.

## CONCLUSION

In the usual case, a plaintiff is given an opportunity to amend its complaint once given notice of any alleged deficiency. This is not the ordinary case, however. Mr. Brown filed seven adversary complaints against a total of forty-two defendants. In his Complaint in this case, six of seven Counts fail to allege any facts concerning the named defendants. Neither the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy procedure, nor any federal statute prohibit *sua sponte* dismissals for failure to state a claim. In addition, several Circuit Courts of Appeals, including the Seventh Circuit, will affirm such dismissals where it is apparent that the claimant could not possibly prevail. *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283, 287 (5th Cir. 1984). As stated in one Opinion, this position is "practical and fully consistent with plaintiff's rights and the efficient use of judicial resources." *Baker v. Dir. U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

Therefore, this Adversary Proceeding will by separate order be dismissed.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

APR 30 2012

Entered this 30th day of April, 2012.